

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| JAMES WATSON | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | 2:13-CV-9533-UA (AN) |
| v. | |
| LOS ANGELES COUNTY SHERIFF DEPT., (PALMDALE), ET AL | ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FILING FEE |
| DEFENDANT(S). | |

IT IS ORDERED that the complaint may be filed without prepayment of the filing fee.

Further proceedings in this matter are subject to the orders of the Judge to whom the case is assigned.

_____      _____
Date                                              United States Magistrate Judge

---

**IT IS RECOMMENDED** that the request of plaintiff/petitioner to file the action without prepayment of the filing fee be **DENIED** for the following reason(s):

☐ Inadequate showing of indigency            ☐ District Court lacks jurisdiction
☐ Legally and/or factually patently frivolous   ☐ Immunity as to _____
☒ Other: The proposed complaint fails to state plausible claims for relief for the reasons explained on page 2.

Comments:

Date: Jan. 27, 2014                              United States Magistrate Judge

---

IT IS ORDERED that the request of plaintiff to file the action without prepayment of the filing fee is:
☐ GRANTED    ☒ DENIED (See comments above).

Date: 1/31/14                                      United States District Judge

---

CV-73A (01/10)          ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FILING FEE

*James Watson v. Los Angeles County Sheriff Dept (Palmdale), et al.,*
CV 13-09533 (AN)

Plaintiff's proposed § 1983 complaint is brought against nine defendants: (1) Gary R. Fulton, his ex-wife's uncle; (2) the Los Angeles County Sheriff's Department ("Sheriff's Department"); (3) Officer T. Pipeper; (4) Detective Torsney; (5) Sargent Moore; (6) Los Angeles District Attorney's Office ; (7) David F. Williams; (8) Canizales Domingo; and (9) various "Jon Does." The complaint purports to raise five § 1983 claims for damages that are based upon the following operative facts. In November 2008, Plaintiff was convicted and sent to state prison, where he was confined until he was released in May of 2012. While Plaintiff was imprisoned, he allowed Fulton to live in his home and watch over his personal property, which included two vehicles and a boat. Plaintiff alleges Fulton unlawfully sold the vehicles and boat by forging Plaintiff's name to the title documents. Plaintiff alleges Fulton sold the boat to his friend, Williams, who in turn sold the boat to Domingo. Plaintiff alleges he contacted and filed a criminal complaint with the Sheriff's Department. Pipeper, Torsney and Moore made a report but they failed or refused to file a criminal complaint with the Los Angeles District Attorney's Office because Plaintiff is a convicted felon. Based upon these facts, Plaintiff alleges the defendants violated his Fourteenth Amendment rights to due process and equal protection.

Plaintiff's complaint fails to state plausible § 1983 claims for any federal due process or equal protection violations against Fulton, Williams, or Domingo because none of the factual allegations establish they were state actors or otherwise acting under color of state law.

Plaintiff's complaint fails to state plausible § 1983 claims for any federal due process or equal protection violations against the Sheriff's Department, Pipeper, Torsney or Moore because law enforcement has broad discretion to decide whom to arrest. Further, "individuals do not have a constitutional right to have police officers arrest others who have victimized them[.]" *Earnest v. King*, 2011 WL 5075380, *7 (W.D. Pa 2011) (*citing Elliot-Park v. Manglona*, 592 F.3d 1003, 1006 (9th Cir. 2010) (finding "officers' discretion in deciding whom to arrest is certainly broad" and is given deference as long as it is not exercised in a racially discriminatory fashion."); *U.S. v. Colin*, 928 F.2d 676, 769 (5th Cir. 1991) (rejecting contention that police officer violated defendant's rights to due process and confrontation by declining to arrest and releasing a material witness who was an illegal alien). Here, Plaintiff's complaint fails to state or show that the Sheriff's Department, Pipeper, Torsney or Moore exercised their discretion in a racially discriminatory fashion. Indeed, Plaintiff alleges they ostensibly failed or refused to act because he is a convicted felon. However, convicted felons are not members of a racially protected class within the meaning of the equal protection clause.

Plaintiff's complaint fails to state plausible § 1983 claims for any federal due process or equal protection violations against the District Attorney for failing or refusing to prosecute Fulton, Williams, or Domingo because the District Attorney has absolute immunity. *See Hartman v. Moore*, 547 U.S. 250, 262, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006) (explaining prosecutors are entitled to absolute immunity for "decision[s] to prosecute").